IN THE SUPERIOR COURT OF ROCKDALE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Tamara Kline and Greg Kline, | ) |
| Plaintiffs, | ) Civil Action File No.: 2023-CV-1548 |
| vs. | ) |
| Jan Dick, | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COME NOW, Tamara Kline and Greg Kline, Plaintiffs herein, and file this their Complaint for Damages, showing the Court as follows:

### I. Parties, Jurisdiction and Venue

1.

On the date that Plaintiffs' cause action arose (February 11, 2022), the Defendant, Jan Dick, was a resident of the State of Georgia.

2.

The Defendant is now a resident of the State of Texas.

3.

On February 11, 2022, while a resident of the State of Georgia, the Defendant committed a tortious act in Rockdale County, Georgia, which subjects the Defendant to the jurisdiction of this Court under the Georgia Long Arm Statute, O.C.G.A. § 9-10-91.

Exhibit "A"

4.

Venue of this action is proper in Rockdale County, Georgia (the county in which Defendant committed a tortious act), under the venue provision of the Georgia Long Arm Statute, O.C.G.A. § 9-10-93.

5.

The Defendant may be served with Summons and copy of this Complaint at his residence located at 8104 Rainier Road, Fort Worth, Tarrant County, Texas 76137-5202.

## II. Statement of Facts

6.

On February 11, 2022, the Defendant was driving an Infinity G35 vehicle in a generally westbound direction in the westbound lane of Miller Bottom Road near its intersection with Haynes Ridge Road in Conyers, Rockdale County, Georgia.

7.

At said time, Plaintiff Tamara Kline was driving a Toyota Tundra pickup truck in a generally eastbound direction in the eastbound lane of Miller Bottom Road.

8.

At said time, the Defendant negligently and recklessly drove his vehicle across the solid double centerline of Miller Bottom Road, thereby traveling westbound in the eastbound lane of Miller Bottom Road.

9.

After crossing the solid double centerline of the roadway, the Defendant negligently and recklessly drove his vehicle directly into the front of the pickup truck being driven by Plaintiff Tamara Kline, resulting in a violent head-on collision.

10.

The subject collision occurred entirely in the eastbound lane of Miller Bottom Road.

11.

As a direct and proximate result of said collision, Tamara Kline suffered catastrophic injuries to her right knee, leg, and foot, and was otherwise injured.

12.

At all times relevant hereto, the Defendant was under the influence of alcohol and/or drugs to that degree that his judgment was substantially impaired.

### III. Plaintiffs' Claims

**Count One**
*Claim for Negligence*

13.

Plaintiffs reallege and reincorporate the allegations contained in the foregoing paragraphs.

14.

The Defendant owed Plaintiff Tamara Kline, and the public, a duty to exercise ordinary care in operating the Infinity G35 vehicle.

15.

The Defendant breached this duty and was thereby negligent under common law.

16.

The Defendant operated the Infinity G35 vehicle in a manner showing a reckless disregard for the safety of others, including Plaintiff Tamara Kline.

17.

The Defendant's negligence included, but is not limited to, one or more of the following:

(a) failing to operate the Infinity G35 vehicle with due care, in violation of O.C.G.A. § 40-6-241;

(b) failing to drive the Infinity G35 vehicle upon the right half of the roadway, in violation of O.C.G.A. § 40-6-40;

(c) driving at a speed greater than was reasonable and prudent under the conditions, in violation of O.C.G.A. § 40-6-180;

(d) negligently failing to maintain the Infinity G35 vehicle under proper control;

18.

The Defendant's acts and omissions as stated in the previous paragraph constitute negligence *per se*.

19.

As a direct and proximate result of the Defendant's negligence, Plaintiff Tamara Kline was injured as set forth above, resulting in the damages as set forth below.

## Count Two
*Claim for Punitive Damages*

20.

Plaintiffs reallege and reincorporate the allegations contained in the foregoing paragraphs.

21.

The Defendant's actions as heretofore alleged were not only negligent and reckless, but also with that entire want of care which would raise the presumption of conscious indifference to the consequences.

22.

Plaintiffs are entitled to recover punitive damages against the Defendant by reason of his actions which were with that entire want of care which would raise the presumption of conscious indifference to the consequences.

## Count Three
*Claim for Expenses of Litigation*

23.

Plaintiffs reallege and reincorporate the allegations contained in the foregoing paragraphs.

24.

The Defendant's actions as heretofore alleged constitute acts of bad faith as contemplated by O.C.G.A. §13-6-11, entitling Plaintiffs to an award of expenses of litigation, including attorney fees.

### IV. Plaintiffs' Damages

25.

As a result of her injuries, Plaintiff Tamara Kline was required to be hospitalized and undergo medical treatment, resulting in medical expenses presently totaling $ 627,755.62.

26.

As a result of her injuries, Plaintiff Tamara Kline will be required to undergo medical treatment in the future, and will incur additional medical expenses in the future.

27.

As a result of her injuries, Plaintiff Tamara Kline has endured, and will endure in the future, extensive physical and mental pain and suffering, including a loss of ability to work and labor.

28.

Plaintiffs Tamara Kline and Greg Kline were at the time of the incident-in-suit, and are now, wife and husband.

29.

As a result of the injuries to Tamara Kline, Greg Kline has been deprived the society, companionship, and consortium of his wife.

WHEREFORE, Plaintiffs demand trial by jury and judgment against the Defendant, including an award of punitive damages and expenses of litigation, in an amount to which they are entitled as shown by the evidence, with all costs to be cast upon the Defendant.

*– signature on following page –*

|  |  |
|---|---|
|  | */s/ John M. Hyatt* |
|  | John M. Hyatt |
|  | Ga. Bar No. 381350 |
| Hyatt & Hyatt P.C. |  |
| 125 Clairemont Avenue | Attorney for Plaintiffs |
| Suite 440 |  |
| Decatur, GA 30030 |  |
| 404-378-3635 |  |
| *john@hyatt-law.com* |  |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA KLINE AND GREG KLINE, | ) |
| | ) CIVIL ACTION FILE NO.: |
| Plaintiffs, | ) |
| | ) |
| v. | ) [Removed from |
| | ) The State Court of Rockdale |
| | ) County, Civil File No. 2023- |
| | ) CV-1548] |
| JAN DICK, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 5th day of May, 2023, I electronically filed the foregoing *Notice of Removal* with the Clerk of this Court using the CM/ECF system which will automatically provide notice of such filing via electronic mail to the following attorney(s) of record:

>John M. Hyatt, Esq.
>Hyatt & Hyatt, P.C.
>125 Clairemont Avenue
>Suite 440
>Decatur, GA  30030
>john@hyatt-law.com

This 5th day of May, 2023.

>WALDON ADELMAN CASTILLA
>HIESTAND & PROUT
>
>/s/ Jonathan M. Adelman_____
>Jonathan M. Adelman

(State Bar No. 005128)
*Attorneys for Defendant*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
jadelman@wachp.com