IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA KLINE AND GREG KLINE, )<br>  )<br>  Plaintiffs, )<br>  )<br> v. )<br>  )<br> JAN DICK and GOLDEN STATE )<br> FOOD CORP., )<br>  )<br>  Defendants. ) | CIVIL ACTION FILE NO.:<br> 1:23-cv-02035-SDG |

### DEFENDANT JAN DICK'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE OF PUNITIVE DAMAGES AND BRIEF IN SUPPORT THEREOF

Defendant Jan Dick, by and through counsel, moves for partial summary judgment on the issue of punitive damages. Defendant Dick shows that there are no probative and admissible facts showing that he was impaired at the time of the collision giving rise to this case. Thus, there is no support for the plaintiffs' punitive damages claim. In support of his motion for partial summary judgment, defendant Dick shows the following:

### STATEMENT OF FACTS

This case arises from a February 11, 2022 motor vehicle collision involving plaintiff Tamara Kline and defendant Dick. (¶1 of SMFs). Defendant Dick admits fault for the collision. (¶2 of SMFs). Plaintiffs allege that Defendant Dick was intoxicated at the time of the collision and that such warrants a claim for punitive

damages. (¶3 of SMFs).

Prior to the accident, defendant Dick was at the Whistle Post Tavern. (¶¶ 4-7 of SMFs).  He arrived at the Whistle Post Tavern at approximately 4:30 p.m. and remained there until approximately 7:00 p.m. (¶¶ 5-6 of SMFs). Dendant Dick did not make any stops between the time he left the Whistle Post Tavern and the time of the collision. (¶7 of SMFs).

Defendant Dick has unequivocally testified that he only had two (2), and at the most three (3), beers with food over the course of two and one-half hours at the Whistle Post Tavern. (¶¶ 4-6 of SMFs). He is certain that he did not have more than three (3) beers. (¶ 4 of SMFs). Defendant Dick testified that he was not intoxicated or impaired when he left Whistle Post Tavern or at the time of the accident. (¶9 of SMFs). Furthermore, those present with defendant Dick at the Whistle Post Tavern have testified that defendant Dick did not appear to be intoxicated at any time before leaving. (¶13 of SMFs).

The only potential testimony that contradicts Defendant Dick's testimony is that of Darrell Moore ("Moore"), a former police officer who happened upon the scene of the collision after it occurred, and plaintiff Greg Kline, who also arrived at the scene after the collision. Mr. Moore has admitted that he could not give an opinion that defendant Dick consumed more than two (2) beers..[1] (¶10 of SMFs).

---

[1] Mr. Moore has not been identified as an expert witness. (¶ 11 of SMFs).

Mr. Kline could only speculate that Defendant Dick was intoxicated because he smiled and acknowledged having two drinks. (¶12 of SMFs) There is a complete absence of any evidence showing that Defendant Dick was cited for DUI or anything about his blood alcohol content. (¶ 14 of SMFs).

## LEGAL STANDARD

Summary judgment is appropriate in any case in which "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Defendant Dick, as the movant, must initially inform the Court of the basis for his motion as well as identify the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendant Dick can discharge this burden merely by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If Defendant Dick successfully points out that an absence of evidence exists supporting an element of plaintiffs' claims, Plaintiff must provide affirmative evidence from which a reasonable jury could find in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

A genuine issue of material fact is not simply a tangential fact with no bearing on the claims at issue. *Id.* Instead, the substantive law dictates which facts are material. *Anderson*, 477 U.S. at 248. Similarly, genuine issues are those upon

which a reasonable jury could find for the non-moving party. *Id.* at 258.

Plaintiffs "must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Additionally, a "'mere scintilla' of evidence supporting the opposing party's positions will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Gogel v. Kia Motors Manufacturing of Georgia, Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020). Similarly, "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249. In sum, "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue of material fact.'" *Gogel*, 967 F.3d at 1134 (internal citations omitted).

## ARGUMENT AND CITATION TO AUTHORITY

Georgia law unequivocally provides that punitive damages may not, as matter of law, be awarded unless there is "clear and convincing" evidence that a "defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). "Negligence, even gross negligence, is insufficient to support such an award." *Bartja v. National Union Fire Ins. Co.,* 218 Ga. App. 815, 818 (1996). Driving under the influence of

alcohol will support a claim for punitive damages. *Langlois v. Wolford*, 246 Ga. App. 209, 210-211 (2000). Simply consuming alcohol and driving is not sufficient to show that an individual is driving under the influence, there must be evidence that a person was impaired. *Shaheed v. State*, 270 Ga. App. 709, 898 v. 899 (2004).

Evidence that a driver consumed alcohol before an accident is insufficient to defeat a motion for summary judgment on a claim for punitive damages. *Koker v. Culter*, 208 Ga. App. 651 (1993). In fact, evidence of Defendant Dick's alcohol consumption before the accident should be excluded as there is no evidence that consumption of the alcohol contributed to the accident in this case. *R. A. Siegel Co. v. Bawen*, 246 Ga. App. 177, 182 (2000) (holding that the trial court properly excluded a defendant's use of marijuana when there was no evidence that the marijuana effected the defendant's driving or that it contributed to the accident).

## CONCLUSION

While there is evidence that Defendant Dick consumed two (2) or three (3) beers with food at some point before the accident, there is no admissible evidence that he was impaired or intoxicated at the time of the accident. Thus, Plaintiff's claim for punitive damages fails as a matter of law.

This 10th day of October, 2024.

                                      WALDON ADELMAN CASTILLA
                                      MCNAMARA & PROUT

                                      /s/ Jonathan M. Adelman
                                      Jonathan M. Adelman
                                      (State Bar No. 005128)
                                      *Attorney for Jan Dick*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@waldonadelman.com

                                      THE ELLIS FIRM

                                      /s/ Willie C. Ellis, Jr.
                                      Willie C. Ellis, Jr.
                                      (State Bar No. 005128)
                                      *Attorney for Jan Dick*

303 Peachtree Street
Suite 4100
Atlanta, Georgia 30308
(770) 212-1432
will@call-ellis.com

## **CERTIFICATE OF COMPLIANCE**

On this date, the undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court pursuant to Local Rule 5.1B.  The foregoing pleading has been prepared in 14-point Times New Roman font.

This 10th day of October, 2024.

|  |  |
|---|---|
|  | WALDON ADELMAN CASTILLA MCNAMARA & PROUT |
|  | /s/ Jonathan M. Adelman |
|  | Jonathan M. Adelman |
|  | (State Bar No. 005128) |
|  | *Attorney for Jan Dick* |

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@waldonadelman.com

|  |  |
|---|---|
|  | THE ELLIS FIRM |
|  | /s/ Willie C. Ellis, Jr. |
|  | Willie C. Ellis, Jr. |
|  | (State Bar No. 005128) |
|  | *Attorney for Jan Dick* |

303 Peachtree Street
Suite 4100
Atlanta, Georgia 30308
(770) 212-1432
will@call-ellis.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA KLINE AND GREG KLINE, ) | |
| ) | CIVIL ACTION FILE NO.: |
| Plaintiffs, ) | 1:23-cv-02035-SDG |
| ) | |
| v. ) | |
| ) | |
| JAN DICK and GOLDEN STATE ) | |
| FOOD CORP., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CETIFY** that I have electronically filed and served the foregoing ***DEFENDANT JAN DICK'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE OF PUNITIVE DAMAGES AND BRIEF IN SUPPORT THEREOF*** with the Clerk of Court using the CM/ECF e-filing system which will automatically send e-mail notification and by e-mailing service to counsel of record as follows:

John M. Hyatt, Esq.
Hyatt & Hyatt, P.C.
125 Clairemont Avenue
Suite 440
Decatur, GA  30030
john@hyatt-law.com

                      Uchenna Ekuma-Nkama
                      Sarah Trevin
                      Leanne Sunderland
                      DENTONS US LLP
                      303 Peachtree St. NE, Suite 5300
                      Atlanta, GA 30308
                      **uchenna.ekuma-nkama@dentons.com**
                      **sarah.trevino@dentons.com**
                      **leanne.sunderland@dentons.com**

This 10th day of October, 2024.

                      WALDON ADELMAN CASTILLA
                      MCNAMARA & PROUT

                      /s/ Jonathan M. Adelman
                      Jonathan M. Adelman
                      (State Bar No. 005128)
                      *Attorney for Jan Dick*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@waldonadelman.com

                      THE ELLIS FIRM

                      /s/ Willie C. Ellis, Jr.
                      Willie C. Ellis, Jr.
                      (State Bar No. 005128)
                      *Attorney for Jan Dick*

303 Peachtree Street
Suite 4100
Atlanta, Georgia 30308
(770) 212-1432
will@call-ellis.com